## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STARBUCKS CORPORATION,<br><br>                         Plaintiff,<br><br>v.<br><br>ALAN ROSA,<br><br>                         Defendant. | CIVIL ACTION NO.:<br><br>**COMPLAINT** |

### I.     INTRODUCTION

Plaintiff Starbucks Corporation ("Plaintiff" or "Starbucks"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., brings this action against its former employee Alan Rosa ("Rosa") for failure to repay Starbucks the pro-rated portion of his sign-on bonus pursuant to the terms of the offer of employment executed by Rosa in connection with his hiring by Starbucks.  Rosa voluntarily left Starbucks during his first two-years of employment and as a result, is responsible for reimbursing Starbucks for a prorated portion of the sign-on bonus pursuant to the terms of the executed offer letter.  Following his resignation, Rosa twice admitted that he owed the prorated portion of the sign-on bonus by committing to Starbucks that he would repay the prorated portion.  Rosa currently owes Starbucks $830,136.99.

Rosa is liable to Starbucks for breach of contract, unjust enrichment and breach of the implied covenant of good faith and fair dealing.

### II.     PARTIES

1.     Starbucks is a specialty coffee retailer that roasts, markets, and retails specialty coffee.

2. Defendant, Alan Rosa, is an individual and a citizen of the State of New Jersey. He resides in Wycoff, New Jersey.

### III. JURISDICTION AND VENUE

3. The causes of action which form the basis of this matter are breach of contract, unjust enrichment, and breach of the implied covenant of good faith and fair dealing.

4. Starbucks is a Washington corporation and has its principal place of business in Washington. Starbucks is therefore a citizen of Washington within the meaning of 28 U.S.C. § 1332.

5. Rosa is a citizen of the State of New Jersey.

6. The District Court has jurisdiction over this action pursuant to 12 U.S.C. §1332 (a) because Starbucks and Rosa are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. Venue is proper in the District Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim at issue occurred within this District.

### IV. FACTUAL ALLEGATIONS

8. Rosa was hired by Starbucks on January 9, 2023 for the position of Senior Vice President Infrastructure/Foundational Services.

9. In connection with his hiring, Rosa received an offer letter detailing the specifics of his offer of employment with Starbucks ("the Agreement").

10. Rosa accepted the terms of the employment offer when he signed the Agreement on December 17, 2022.

11. Pursuant to the Agreement, Rosa was advised that as part of his offer of employment, he would receive a onetime sign-on bonus of $1,000,000.00, less payroll taxes, with his next regularly scheduled pay period after 30 days of employment.

12. Per the Agreement, Rosa agreed that if he voluntarily left Starbucks during his first two-years of employment, he would be responsible for reimbursing Starbucks for a prorated portion of the sign-on bonus.

13. The reimbursement would be calculated as follows: ((730- # days employed)/730) X $1,000,000.00.

14. Directly above his signature on the Agreement Rosa acknowledged: "I accept employment with Starbucks Corporation, or its wholly owned subsidiaries, according to the terms set forth above," which included the repayment obligation.

15. On February 8, 2023, Starbucks paid Rosa the $1,000,000.00 cash sign-on bonus.

16. Rosa voluntarily left his employment with Starbucks on May 13, 2023.

17. Since Rosa voluntarily left Starbucks during his first two years of employment, he is responsible for reimbursing Starbucks for the pro-rated portion of the sign-on bonus in the amount of $830,136.99 in accordance with the Agreement. Specifically, the formula for calculating the prorated portion to be reimbursed is (730 - # days employed)/730) X $1,000,000.

18. On April 3, 2024, Nic Taloff, a member of Starbucks Payroll team emailed Rosa and informed him that he had not fulfilled the requirements for his $1,000,000.00 cash sign-on bonus, resulting in an overpayment of wages in the amount of $830,136.00, which he was required to pay back.

19. On April 25, 2024, Starbucks sent Rosa a hard copy of this email via Federal Express to Rosa's home address on file.

20. On April 26, 2024, Rosa spoke with Deb Hall Lefevre EVP, Chief Technology Officer and admitted the repayment amount was due by committing to send Starbucks the full repayment of $830,136.99 by mid-May 2024.

21. On May 1, 2024, Cara Beck, VP, Partner Resources emailed Rosa to follow up on his prior conversation with Ms. Lefevre, reiterating his commitment to full repayment of the pro-rated portion of the sign-on bonus.

22. On May 22, 2024, Rosa responded to Ms. Beck's email expressing his commitment to repaying back any and all obligations to Starbucks: "Wanted to acknowledge these emails and my commitment to repaying back any and all obligations to Starbucks."

23. In this email, Rosa requested an extension of time to repay the pro-rated amount due and offered to sign a promissory note or other document that would reflect an extension of time for repayment.

24. On May 23, 2024, Ms. Beck responded to Rosa's email, requesting clarification from Rosa as to the proposed repayment timeframe.

25. On June 20, 2024, Ms. Beck emailed Rosa a copy of the promissory note outlining the terms for repayment. She also sent a hard copy of the promissory note to Rosa's home address.

26. Receiving no response to her June 20, 2024 communication or a copy of the executed promissory note as of August 22, 2024, Ms. Beck emailed Rosa to advise that if full repayment was not received by close of business on August 26, 2024, Starbucks would pursue appropriate legal action to secure reimbursement of the pro-rata amount of the sign-on bonus owed under the terms of the Agreement.

27. Rosa failed to respond to Ms. Beck's correspondence and to date, has failed to repay the $830,136.99 due and owing under the terms of the Agreement.

## COUNT I

### Breach of Contract

28. Plaintiff repeats and realleges the prior paragraphs of the Complaint and incorporates them herein by reference.

29. The Agreement executed by Rosa on December 17, 2022 is a binding contract.

30. Plaintiff fully performed on the contract by providing payment to Rosa in the amount of $1,000,000.00.

31. Rosa breached the material terms of the Agreement by failing to repay the $830,136.99 due and owing under the terms of the offer letter.

32. To date, Plaintiff has been damaged by Rosa's breach in the amount of $830,136.99.

## COUNT II

### Unjust Enrichment

33. Plaintiff repeats and realleges the prior paragraphs of the Complaint and incorporates them herein by reference.

34. Plaintiff provided Rosa with a sign-on bonus in the amount of $1,000,000.00.

35. Rosa received and accepted the $1,000,000.00 sign-on bonus.

36. The circumstances reasonably notified Rosa that Plaintiff expected repayment for the pro-rated portion of the sign-on bonus if he voluntarily left Starbucks during the first two-years of employment.

37. Rosa has been unjustly enriched by accepting a $1,000,000 sign-on bonus but refusing to reimburse Starbucks for the prorated portion he owes as a result of his voluntary resignation.

38.     To date, Plaintiff has been damaged in the amount of $830,136.99, by Rosa's refusal to repay the pro-rated portion of the sign-on bonus due to Starbucks in accordance with the terms of the Agreement.

## COUNT III

### Breach of the Implied Covenant of Good Faith and Fair Dealing

39.     Starbucks repeats and realleges the prior paragraphs of the Complaint and incorporates them herein by reference.

40.     The Agreement requires that Rosa exercise at all times the utmost good faith and deal fairly at all times with Starbucks in carrying out the terms of the Agreement by reason of the implied covenant of good faith and fair dealing.

41.     By his conduct as described above, Rosa has significantly impaired the benefits of the Agreement for Starbucks and has breached the implied covenant of good faith and fair dealing.

42.     Rosa's unlawful and wrongful conduct constitutes a breach of the implied covenant of good faith and fair dealing.  As a direct result of such breach, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff demands judgment and award in its favor as follows:

1.     Ordering Rosa to make immediate payment to Plaintiff in the amount of 830,136.99 owed under the Agreement;

2.     Awarding Plaintiff its costs, expenses, and attorneys' fees incurred in litigating this action and seeking recovery of the pro-rated portion of the sign-on bonus due under the Agreement together with pre-judgement interest;

3.     Such other and further relief as the Court may deem just and proper.

                                  **OGLETREE, DEAKINS, NASH,**
                                  **SMOAK & STEWART, P.C.**
                                  10 Madison Avenue, Suite 400
                                  Morristown, New Jersey 07960
                                  *Attorneys for Plaintiff, Starbucks Corporation*

                                  By: */s/Jocelyn A. Merced*
                                        Jocelyn A. Merced
                                        Carmen J. DiMaria

Dated: January 22, 2025